**FOUR BROTHERS BOAT WORKS, INC., Columbia Star, Inc., and Billy B., Inc., Appellants,**

v.

**TESORO PETROLEUM COMPANIES, INC., Tesoro Marine Services, Inc., and Coastwide Marine Services, Inc., Appellees.**

No. 14–05–00498–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 12, 2006.

Rehearing En Banc Overruled Feb. 22, 2007.

John McEldowney, Michael David Leblanc, Galveston, for appellants.

Cindy B. Smith, Millard A. Johnson, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Appellants, Four Brothers Boat Works, Inc., Columbia Star, Inc., and Billy B., Inc., appeal the summary judgment entered in favor of appellees, Tesoro Petroleum Companies, Inc., Tesoro Marine Services, Inc., and Coastwide Marine Services, Inc. (collectively, "Tesoro"), on their claims for breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), conspiracy to commit DTPA violations, conspiracy to commit tortious interference of a contract, fraud, breach of fiduciary duty, and third party beneficiary. We affirm, in part, and reverse and remand, in part.

## I. Background

On February 6, 1975, Galveston Yacht Basin, Inc. leased a 15.422 acre tract of land on the Galveston Ship Channel to Joe Grasso & Son, Inc. (the "Master Lease"). The primary term of the Master Lease began on May 1, 1977, and was to end on April 30, 1987. The Master Lease also provided the tenant with two ten-year options for extending the lease through April 30, 1997:

> [Tenant] shall have the option of extending the term of this Lease for an additional term of ten (10) years, commencing on the 1st day of May 1987 and ending on the 30th day of April 1997, and [Tenant] shall be deemed to have exercised this option, unless [Tenant] shall give notice to [Landlord] not less than six months before the expiration of the primary term of the [Tenant's] election not to exercise such option.
>
> * * *
>
> In like manner and under like conditions, [Tenant] shall have the right, option and privilege of further extending the term of this Lease for a second additional term of ten (10) years commencing on the 1st day of May 1997 and ending on the 30th day of April, 2007.

On May 1, 1977, Grasso entered into a sublease with Wallace Trochesset for a portion of the property. On January 1, 1980, Trochesset assigned the sublease to Four Brothers (the "Four Brothers sublease"). The Four Brothers sublease provided that the subtenant would have a primary term of ten years, beginning on May 1, 1977, and ending on April 30, 1987. The Four Brothers sublease further provided, at the end of the primary term, the

subtenant had two ten-year options for extending the lease through April 30, 2007.

On February 16, 1987, Grasso (then known as Grasso Oilfield Services, Inc.) entered into a sublease with Columbia Star, Inc. for another portion of the premises (the "Columbia Star sublease"). The Columbia Star sublease provided that the subtenant would have a primary term of ten years, from May 1, 1987 to April 30, 1997. The Columbia Star sublease further provided, at the end of the primary term, the subtenant with a ten-year option for extending the sublease through April 30, 2007.

On March 7, 1991, Galveston Yacht Basin and Grasso entered into an amendment of the Master Lease. The Amendment provided the Master Lease would terminate on April 30, 1997, and that Grasso would "not have any right, option or privilege to extend the term of the Grasso Lease beyond such date."[1] In 1993, S & SF, Inc. purchased the properties owned by Galveston Yacht Basin and became successor to Galveston Yacht Basin. At some point, Tesoro acquired Grasso's successor, Coastwide, thereby acquiring the Master Lease.

In April 1998, S & SF demanded that Four Brothers and Columbia Star vacate the premises. On April 30, 1998, Four Brothers and Columbia Star filed a declaratory judgment action against S & SF asking the trial court to determine the then "current owners of the leasehold interests in the premises located at Pier 7" and to declare that the Master Amendment did not divest Four Brothers and Columbia Star of their interest in the leased premises and such interest extends to 2007 in accordance with the original Master Lease.

---

1. The Amendment also added a tract of land known as the "Baroid Tract" to the property leased to Grasso.

S & SF filed a counterclaim for trespass to try title and a declaratory judgment that Four Brothers and Columbia Star: (1) were holdover tenants; (2) had no equitable right, title, or interest in the property; (3) had no right to compel their lessor (Grasso/Tesoro) to exercise a renewal option in the Master Lease; and (4) their right of possession terminated upon expiration of the Master Lease on April 30, 1997.

S & SF and Four Brothers and Columbia Star filed cross motions for summary judgment on the issue regarding who had the right to possess the Pier 7 property until 2007. The trial court granted S & SF's motion for summary judgment, denied Four Brothers and Columbia Star's motion, and determined S & SF had a superior right to possession. The trial court conclusively found: (1) S & SF was entitled to sole possession of the property; (2) Four Brothers and Columbia Star had neither a vested right of occupancy nor a leasehold interest therein; and (3) S & SF was the owner of the property, and was entitled to possession. The trial court severed the claims related to possession of the property and Four Brothers and Columbia Star appealed that judgment, which the First Court of Appeals affirmed. *See Four Bros. Boat Works, Inc. v. S & SF, Inc.*, 55 S.W.3d 12 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Four Brothers and Columbia Star were required to vacate Pier 7 by December 11, 2001.

Four Brothers and Columbia Star brought claims for breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), conspiracy to commit DTPA violations, conspiracy to commit tortious interference of a contract, fraud, breach of fiduciary duty, and third party beneficiary. Another entity related to Four Brothers—Billy B—also brought a claim against Tesoro for violations of the DTPA. Litigation on appellants' claims against Tesoro continued.[2] Four Brothers and Columbia Star moved for partial summary judgment on their breach of contract claims against Tesoro. Tesoro moved for summary judgment on all of Four Brothers', Columbia Star's, and Billy B's claims. The trial court granted summary judgment in favor of Tesoro on all of appellants' claims and denied Four Brothers and Columbia Star's motion for partial summary judgment on their breach of contract claims. Appellants appeal the trial court's granting Tesoro's motion for summary judgment on all of their claims and the denial of Four Brothers and Columbia Star's partial motion for summary judgment on their breach of contract claim.

## II. BREACH OF CONTRACT

In their first issue, appellants claim the trial court erred in granting Tesoro's motion for summary judgment on Four Brothers' and Columbia Star's breach of contract claims and denying Four Brothers and Columbia Star's motion for partial summary judgment on their breach of contract claims.

To prevail on a motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex.2005). In conducting our review of the summary judgment, we take as true all evidence favorable to the nonmovant, and make all reasonable inferences in the nonmovant's favor. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). A defendant, as movant, is entitled to summary judgment if it either disproves at least one essential element of each of the plaintiff's causes of action or estab-

---

**2.** At some point, S & SF and Galveston Yacht Basin were dismissed from this action.

lishes all the elements of an affirmative defense. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). When both parties file motions for summary judgment seeking a final judgment in their favor, we must determine all questions presented and render judgment. *SAS Inst., Inc. v. Breitenfeld,* 167 S.W.3d 840, 841 (Tex.2005) (per curiam).

### A. Law of the Case

■■■ Tesoro argued in its motion for summary judgment that the law of the case doctrine applied here to preclude Four Brothers' and Columbia Star's claims for breach of contract because the question of law presented in the *Four Brothers I* appeal directly disposes of those claims. The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). It applies only to questions of law, not questions of fact. *Id.*

■■ Tesoro argues the *Four Brothers I* holding is dispositive of Four Brothers' and Columbia Star's claims that it breached the contract by failing to provide the leased premises for the 1997–2007 period. Tesoro asserts that, out of necessity, the *Four Brothers I* opinion directly addressed Four Brothers' and Columbia Star's claims for breach of contract, when it held that "[w]hile their respective subleases gave Four Brothers and Columbia Star the right to extend their subtenancies while the Master Lease was in effect, that right to extend terminated when Grasso Oilfield [Tesoro] lawfully terminated the Master Lease." *Four Bros. Boat Works, Inc.,* 55 S.W.3d at 17. Therefore, according to Tesoro, once the Master Lease terminated, it had no obligation to Four Brothers or Columbia Star under the subleases and it

is the "very same right to renew the subleases that is now at issue in this case."

The original dispute between Four Brothers and Columbia Star and S & SF concerned possession of the leased premises. In the declaratory judgment proceeding, Four Brothers and Columbia Star requested that the trial court:

(1) determine the leasehold interests in the premises located at Pier 7;

(2) declare that Four Brothers and Columbia Star were the owners of the leasehold interests of the premises located at Pier 7 under the subleases; and

(3) declare that the Master Amendment did not divest Four Brothers and Columbia Star of their interest in the leased premises and that such interest extended to 2007 in accordance with the original Master Lease.

S & SF counterclaimed for declaratory relief as to the issue of possession, as well. Four Brothers and Columbia Star and S & SF filed competing motions for summary judgment solely on the issue of who was entitled to possession. No other claims were addressed in the motions for summary judgment. In granting summary judgment in favor of S & SF on the issue of possession, the trial court specifically found, as a matter of law:

Four Brothers Boat Works, Inc. and Columbia Star, Inc. do not have a vested right of occupancy or current leasehold interest in the contested tract of land. S & SF, Inc. is the owner of the contested tract and is entitled to possession.

In the *Four Brothers I* appeal, the First Court of Appeals stated it was reviewing whether the Master Lease had been voluntarily surrendered, and whether Four Brothers' and Columbia Star's rights of possession had vested when the Master Lease and subleases were extended. *Four Brothers Boat Works, Inc.,* 55 S.W.3d at

13–14. The First Court of Appeals affirmed the trial court's judgment awarding possession to S & SF. *Id.* at 18.

Thus, the issue in *Four Brothers I* concerned the right of possession as between the sublessees (Four Brothers and Columbia Star) and the original lessor (S & SF). The *Four Brothers I* court based its holding that the trial court correctly awarded possession to S & SF on the lack of privity between the sublessees and the original lessor. This is confirmed by the court's holding that "[b]ecause Four Brothers and Columbia Star were *mere sublessees, rather than assignees,* they had no right to extend the Master Lease [between Tesoro and the landlord] once it had terminated." *Id.* at 17 (emphasis added). Neither the underlying declaratory judgment nor the *Four Brothers I* appeal concerned contractual rights as between the sublessees (Four Brothers and Columbia Star) and the sublessor (Tesoro).

 To the extent that the *Four Brothers I* opinion addresses Four Brothers' and Columbia Star's breach of contract claims against Tesoro, we find such statements to be merely dicta. "Dictum is

an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case." *Edwards v. Kaye,* 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (citing BLACK'S LAW DICTIONARY 409 5th ed. (1979)). The law of the case doctrine does not apply to dicta. *In re Certain Underwriters at Lloyd's,* 18 S.W.3d 867, 870 (Tex.App.-Beaumont 2000, no pet.); *In re Estate of Chavana,* 993 S.W.2d 311, 315 (Tex.App.-San Antonio 1999, no pet.) (op. on reh'g); *Huckabay v. Irving Hosp. Auth.,* 879 S.W.2d 64, 66 n. 1 (Tex.App.-Dallas 1993, writ dism'd by agr.).[3]

We conclude the law of the case doctrine is not applicable here and, thus, the First Court of Appeals's decision in *Four Brothers I* does not foreclose Four Brothers' and Columbia Star's claims for damages against Tesoro for breach of the subleases.[4]

## B. Terms of the Subleases

 Having determined that the law of the case doctrine does not preclude Four

---

**3.** Tesoro also relies on the concurring opinions by Justice Cohen in *Four Brothers I:*
> Appellants, who are subtenants, received all they were entitled to under their contract with the original tenant—a right to enjoy the full term of any extension option exercised by the original tenant.... Appellants had no right to force their lessor, Grasso [Tesoro], to exercise its second option to extend, and it exercised its right not to extend by entering the new contract in 1991.

*Four Bros. Boat Works, Inc.,* 55 S.W.3d at 18 (Cohen, J., concurring). In his concurring opinion to the denial of rehearing, Justice Cohen further stated:
> I continue to believe that the issue presented is this: Can a subtenant on a lease require the tenant to exercise the tenant's option to extend the lease? The answer is no.

*Id.* at 19 (Cohen, J., concurring to denial of rehearing).

A concurring opinion is "[a] separate opinion delivered by one or more judges which agrees with the decision of the majority of the court but offering own reasons for reaching that decision." BLACK'S LAW DICTIONARY p. 201 (6th ed.1991). In any event, the concurring opinion addresses the same matter as that addressed the majority opinion and is no more law of the case than the dicta contained in the majority opinion.

**4.** Tesoro also moved for summary judgment on appellants' other claims which are also based on the termination of the Master Lease. For the same reasons state above, we conclude law of case is equally inapplicable to those claims.

Brothers' and Columbia Star's breach of contract claims against Tesoro, we now address appellants' argument that Tesoro contractually obligated itself to provide the subleased premises to Columbia Star for a term of 20 years and to Four Brothers for a term of 30 years, until April 30, 2007.

The language of the Four Brothers and Columbia Star subleases unambiguously provides Four Brothers and Columbia Star the option to extend the respective subleases from 1997 until 2007. Those extensions were for the benefit of Four Brothers and Columbia Star, were their right to exercise, and were a valuable right for which they had bargained. While Tesoro could freely terminate its relationship with S & SF, it was not free to do so without potential liability for damages for failing to deliver the premises to its own lessees for the years 1997 to 2007. Thus, the termination of the Master Lease has no effect on Tesoro's contractual obligation to Four Brothers or Columbia Star. *See Colorado Interstate Corp. v. CIT Group/Equip. Fin., Inc.,* 993 F.2d 743, 746–47 (10th Cir.1993) (citing *Frankfurt v. Decker,* 180 S.W.2d 985, 987 (Tex.Civ.App.-Dallas 1944, no writ)) (applying Texas law and holding sublessee's right of possession vis-a-vis the original lessor is secondary because there is no privity of contract between sublessee and original lessor, but obligations under sublease do not cease upon termination of the prime lease and sublessee's remedy was action for damages against sublessor after termination of prime lease).

▮ Therefore, we reject Tesoro's claim that it was relieved of all contractual responsibilities to appellants when the Master Lease terminated. Tesoro also argues, however, that neither Four Brothers nor Columbia Star properly exercised their respective renewal rights. However, this contention was raised in response to appellants' motion for partial summary judg-

ment and, thus, is not an issue properly before this court. Ordinarily, when both parties file motions for summary judgment in the trial court, we determine all questions presented and render judgment. *SAS Inst., Inc.,* 167 S.W.3d at 841. However, before a court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought final judgment relief in their cross motions for summary judgment. *CU Lloyd's of Texas v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998). Here, appellants' motion for partial summary judgment did not seek a final judgment. Accordingly, we reverse the summary judgment granted in favor of Tesoro against appellants on the issue of their breach of contract claim and remand this claim to the trial court for disposition consistent with this opinion. Accordingly, we sustain appellants' first issue.

### III. STATUTE OF LIMITATIONS

▮ In their second issue, appellants claim the trial court erred in granting summary judgment on Billy B's claim for DTPA violations on Tesoro's affirmative defense of statute of limitations. When a defendant moves for summary judgment on the affirmative defense of limitations, it has the burden to conclusively establish that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc.,* 185 S.W.3d at 846. If the defendant establishes that the statute of limitations bars the action, the plaintiff must adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

A plaintiff must bring its DTPA claims within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the plaintiff discovered or in the exercise of reasonable diligence should have discov-

ered the occurrence of the false, misleading, or deceptive act or practice. TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002).

Billy B, a company related to Four Brothers, was not a sublessee, but operated its business from Pier 7. Billy B filed its DTPA claims against Tesoro on November 12, 2002. Tesoro argues Billy B would have had knowledge that the Master Lease had terminated and its causes of action would have accrued (1) in October 1997, when it first had knowledge of any claims; (2) or, alternatively, in November 1997, when appellants were requested to vacate the premises; (3) or, at the very latest, in April 1998, when S & SF filed a forcible entry and detainer suit against Four Brothers and Columbia Star. Thus, according to Tesoro, the latest Billy could have brought its DTPA claims was April 2000, two and one half years before Billy B actually filed its claims in November 2002.

In support of its motion for summary judgment on statute of limitations, Tesoro submitted the deposition testimony of Richard Ryan, president of Four Brothers, Columbia Star, and Billy B, who testified that Marc Cuenod of S & SF contacted him around November 1, 1997, about appellants' presence on the premises. Tesoro also submitted the deposition testimony of Marc Cuenod, who similarly testified that he contacted Richard Ryan in November 1997. Thus, Billy B had knowledge by November 1997, that Tesoro and S & SF had terminated the Master Lease.

Appellants argue that, under the legal injury rule, Billy B's cause of action did not accrue until after the exhaustion of all the appeals on the issue of possession and Billy B's (along with Four Brothers and Columbia Star) was required to vacate the premises on December 11, 2001. *See S.V. v. R.V.*, 933 S.W.2d 1, 4

(Tex.1996) (explaining that under the legal injury rule, a cause of action accrues when a wrongful act causes an injury, even if the fact of the injury is not discovered until later and all resulting damages have not yet occurred). Appellants assert the appeals of the possession issue with S & SF (*Four Brothers I*) operated as a "legal impediment," preventing Billy B from filing suit until the appellate process had been exhausted. "[W]here a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.).

Appellants assert that if Four Brothers and Columbia Star had been successful on their appeal of the possession issue, Billy B would not have accrued any cause of action against Tesoro because it would not have incurred any losses from being removed from Pier 7. In support of their position, appellants rely on *Rogers v. Ricane Enterprises, Inc.*, which states a statute of limitations is tolled for a second cause of action where (1) the viability of the second cause of action necessarily depends on the outcome of the first case, *and* (2) the pursuit of the second suit prior to that outcome would either be improper or result in judicial complications. 930 S.W.2d 157, 167 (Tex.App.-Amarillo 1996, writ denied). The court of appeals in *Rogers* relied on the Texas Supreme Court's opinion in the legal malpractice case of *Hughes v. Mahaney & Higgins.*[5] *Id.* The court in *Hughes* observed when an attorney commits malpractice while providing legal services in the prosecution or defense of a claim which results in litigation, the legal injury and discovery rules can force the

---

**5.** 821 S.W.2d 154 (Tex.1991).

client into adopting inherently inconsistent positions in the underlying case and the malpractice case; therefore, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted. 821 S.W.2d at 156–57. The supreme court has further made it clear that the *Hughes* rule applies only to legal malpractice cases. *See Murphy v. Campbell,* 964 S.W.2d 265, 272 (Tex.1997) (reiterating that the court had "expressly limited" the tolling rule in *Hughes* to attorney malpractice, and declining to extend it to accounting malpractice).

Billy B was not a party to the litigation against S & SF in the possession dispute and, therefore, there was no risk of Billy B's taking conflicting positions.[6] Thus, we do not find the pending litigation and appeal of the possession issue against S & SF to be a legal impediment tolling the statute of limitations on Billy B's DTPA claims against Tesoro. Appellants' second issue is overruled.

## IV. OTHER CLAIMS

In their third issue, appellants contend the trial court erred in granting summary judgment on their clams for violations of the DTPA, conspiracy to violate the DTPA, conspiracy to tortiously interfere with the subleases, breach of fiduciary duty, fraud, and breach of contract as a third party.

## A. DTPA

Appellants allege under the DTPA that: (1)Tesoro breached the implied warranty of quiet enjoyment of the premises;[7] (2) Tesoro's acts and omissions constitute false, misleading, or deceptive acts or practices;[8] and (3) Tesoro's acts and omissions constitute an unconscionable action or course of action.[9]

### 1. Breach of the Warranty of Quiet Enjoyment

Appellants claim Tesoro breached the implied warranty of quiet enjoyment "by entering into the Master Amendment and attempting to extinguish the last 10 years of the term of the subleases and by not exercising the option to extend the terms of the Master Lease." It is well-

---

**6.** *See Hunt Steed v. Steed,* 908 S.W.2d 581, 584 (Tex.App.-Fort Worth 1995, writ denied) (finding conflict like the one presented in *Hughes* did not exist between first suit for divorce action and second suit against mother-in-law based on son's transfer of property); *Rogers,* 930 S.W.2d at 167 (finding the viability of the second suit for conversion did not depend on successful outcome in prior suit to determine title to real property and there were no judicial complications such as the ones raised in *Hughes* ); *Smith v. Chapman,* 897 S.W.2d 399, 403 (Tex.App.-Eastland 1995, no pet.) (op. on reh'g) (rejecting argument that plaintiff would have had to take inconsistent positions in first lawsuit against corporation and second lawsuit against directors and shareholders); *Palacios v. Ramos,* No. 04–04–00780–CV, 2006 WL 332537, at *3 (Tex.App.-San Antonio Feb. 15, 2006, no pet.) (mem. op.) (finding the filing of employee's

civil suit against former employer for defamation, while underlying criminal trial for theft where he was found not guilty by a jury was resolved, would not have forced employee to adopt inconsistent positions in criminal and civil actions); *Dunn v. Murrin,* No. 05–04–00438–CV, 2005 WL 2038057, at *2 (Tex. App.-Dallas Aug. 25, 2005, no pet.) (mem. op.) (finding the filing of appellant's defamation suit against arresting police officer, while his applications for writs of habeas corpus were pending in state and federal courts, would not create direct conflict in positions).

**7.** TEX. BUS. & COM.CODE ANN. §§ 17.50(a)(2) (Vernon Supp.2006).

**8.** TEX. BUS. & COM.CODE ANN. § 17.46(b)(12) (Vernon Supp.2006).

**9.** TEX. BUS. & COM.CODE ANN. § 17.50(a)(3).

settled that, in the absence of express language to the contrary, there is an implied warranty that the lessee shall have the quiet and peaceful enjoyment of the leased premises. *L–M–S Inc. v. Blackwell,* 149 Tex. 348, 233 S.W.2d 286, 289 (1950); *HTM Rests., Inc. v. Goldman, Sachs & Co.,* 797 S.W.2d 326, 328 (Tex. App.-Houston [14th Dist.] 1990, writ denied). Tesoro has cited no provision, and we found none, in the Four Brothers and Columbia Star subleases eliminating the implied warranty of quiet enjoyment.

■ The DTPA provides a cause of action when the cause of damages is the breach of an implied warranty. TEX. BUS. & COM.CODE ANN. § 17.50(a)(2). To recover for breach of warranty under the DTPA, the plaintiff must show (1) consumer status, (2) existence of the warranty, (3) breach of warranty, and (4) the breach was a producing cause of damages. *Elliott v. Kraft Foods N. Am. Inc.,* 118 S.W.3d 50, 56 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The DTPA does not create warranties; instead, they must be established independently of the act. *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 565 (Tex.1984); *Elliott,* 118 S.W.3d at 56. An implied warranty is derived from either statute or from common law. *La Sara Grain Co.,* 673 S.W.2d at 565. "Implied warranties are created by operation of law and are grounded more in tort than in contract." *Id.*

■ Relying on well-settled Texas law that an allegation of breach of contract, without more, does not constitute a false, misleading, or deceptive act in violation of the DTPA,[10] Tesoro contends appellants' breach of warranty claims are merely breach of contract claims and, therefore, are not actionable under the DTPA. Specifically, Tesoro argues that Four Brothers' and Columbia Star's claims for the breach of the implied warranty to quiet enjoyment are essentially complaints of Tesoro's failure to perform under the sublease, i.e., failure to deliver the premises to appellants for the period of April 1997 to April 2007.

■ However, a claim for breach of warranty is separate from a claim for false, misleading, or deceptive acts. *See Continental Dredging, Inc. v. De–Kaizered, Inc.,* 120 S.W.3d 380, 391 (Tex.App.-Texarkana 2003, pet. denied) ("Because implied warranties are grounded more in tort, and because the DTPA expressly recognizes breach of an implied warranty as a separate violation from misrepresentations, [appellant] may have violated the DTPA if it breached an implied warranty, despite not making any actionable misrepresentations outside the contract."). Moreover, "a consumer is not prevented from bringing a DTPA action against a defendant merely because the defendant also breached a contract." *Nasrallah v. Ordonez,* No. 2–04–137–CV, 2005 WL 1791985, at *3 (Tex.App.-Fort Worth July 28, 2005, no pet.) (mem. op.).

Tesoro further asserts that under the law of the case doctrine, appellants had no right to extend their subleases beyond April 1997, when the Master Lease terminated and the implied covenants of quiet enjoyment expired with the termination of the subleases. As previously addressed, the law of the case doctrine does not apply to appellants' claims for damages against Tesoro. We conclude the trial court erred in granting summary judgment on Four Brothers' and Columbia Star's claims for breach of an implied warranty under the DTPA. We sustain appellants' third issue

---

**10.** *Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 14 (Tex.1996) (per curiam) (quoting *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.,* 661 S.W.2d 933, 935 (Tex.1983)).

with regard to the claims for breach of the implied warranty of quiet enjoyment under the DTPA.

## 2. False, Misleading, or Deceptive Acts/Unconscionable Action or Course of Action

Appellants also allege Tesoro's failure to inform Four Brothers and Columbia Star of changes made by the Master Amendment, "thereby attempting to excise from the Master Lease the final 10 years of the subleases," constitutes false, misleading, or deceptive acts or practices and an unconscionable action or course of action. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46(b)(12) (false, misleading, or deceptive acts); 17.50(a)(3) (unconscionable action or course of action). Tesoro argued in its motion for summary judgment that the law of the case doctrine precludes these DTPA claims because it lawfully terminated the master lease. As previously addressed, the law of the case doctrine does not apply here to preclude damage claims against Tesoro. Tesoro raised no other grounds on which to grant summary judgment on these DTPA claims. Because the law of the case doctrine does not apply here, the trial court erred in granting summary judgment on these DTPA claims. We sustain appellants' third issue with regard to the claims for false, misleading, or deceptive acts, and unconscionable action or course of action under the DTPA.

## B. Conspiracy

 Appellants allege Tesoro conspired with S & SF and Galveston Yacht Basin to violate the DTPA and to tortiously interfere with Four Brothers' and Columbia Star's business relationships. A civil conspiracy involves a combination of two or more persons with an unlawful purpose or a lawful purpose to be accomplished by unlawful means. *Ernst &*

*Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 583 (Tex.2001). The elements of conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Operation Rescue–Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.,* 975 S.W.2d 546, 553 (Tex.1998).

### 1. Conspiracy to Violate DTPA

 Appellants allege Tesoro conspired with Galveston Yacht Basin and S & SF to violate the DTPA. Two or more persons can be held liable for a conspiracy to violate the DTPA. *Laxson v. Giddens,* 48 S.W.3d 408, 411 (Tex.App.-Waco 2001, pet. denied). In its motion for summary judgment, Tesoro argued the law of the case doctrine governs Four Brothers' and Columbia Star's claims for conspiracy to violate the DTPA because *Four Brothers I* determined that Tesoro lawfully terminated the Master Lease. Appellants argue the lawful termination of the Master Lease has no effect on Tesoro's obligation with regard to the subleases. As previously addressed, the law of the case doctrine does not apply here. Tesoro raised no other grounds in support of its motion for summary judgment on Four Brothers' and Columbia Star's claims for conspiracy to violate the DTPA. Therefore, the trial court erred in granting summary judgment on Four Brothers' and Columbia Stars' claims for conspiracy to violate the DTPA. We sustain appellants' third issue with regard to the claims for conspiracy to violate the DTPA.

### 2. Conspiracy to Commit Tortious Interference

Appellants allege Tesoro conspired with S & SF and Galveston Yacht Basin to interfere with its contractual relations with

Four Brothers and Columbia Star. Appellants, however, did not allege a tortious interference claim against Tesoro.

There is no independent liability for civil conspiracy. *Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 760 (Tex.App.-Texarkana 1996), *aff'd, in part, rev'd, in part, on other grounds*, 939 S.W.2d 146 (Tex.1997) (per curiam). Therefore, because a defendant's liability depends upon its participation in some underlying tort for which the plaintiff seeks to hold the defendant liable, conspiracy is considered a derivative tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996). An actionable conspiracy must consist of acts which would have been actionable against the conspirators individually. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 581 (Tex.1963). Thus, to prevail on a civil conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort. *Hunt v. Baldwin*, 68 S.W.3d 117, 133 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

The elements of tortious interference with a contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex.2000). Liability for tortious interference is based on the acts of an interfering third party. *Central Savs. & Loan Ass'n v. Stemmons N.W. Bank, N.A.*, 848 S.W.2d 232, 241 (Tex. App.-Dallas 1992, no writ); *Schoellkopf v. Pledger*, 778 S.W.2d 897, 902 (Tex.App.-Dallas 1989, writ denied). Therefore, a party cannot tortiously interfere with its own contract. *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.-Houston [1st Dist.] 1995, no writ) (op. on reh'g); *Schoellkopf*, 778 S.W.2d at 902. Because Tesoro cannot be liable for tortiously interfering with its subleases with Four Brothers and Columbia Star, it cannot be liable for conspiracy to tortiously interfere with the subleases. The trial court properly granted summary judgment on this claim.[11] Appellants' third issue with regard to conspiracy to commit tortious interference is overruled.

## C. FIDUCIARY DUTY

Appellants assert the trial court erred in granting summary judgment on Four Brothers' and Columbia Star's claims for breach of fiduciary duty. There are two types of fiduciary relationships. The first is a formal fiduciary relationship, which arises as a matter of law, and includes the relationships between attorney and client, principal and agent, partners, and joint venturers. *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998) (attorney-client, partnership, trustee); *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (principal/agents; partners); *Miller–Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655, 663 (Tex.App.-Dallas 1996, no writ) (attorney-client, partners, joint venturers).

The second is an informal fiduciary relationship, which may arise from "a moral, social, domestic or purely personal relationship of trust and confidence, generally called a confidential relationship." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex.1998). A confidential relationship exists in cases in which " 'influence has been acquired and

---

11. Tesoro also argued law of the case because it lawfully terminated the Master Lease. Because Tesoro raised another ground on which summary judgment was appropriate, we need not address this argument.

abused, in which confidence has been reposed and betrayed.'" *Id.* (quoting *Crim. Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (1992)).

 Appellants do not argue the existence of a formal relationship, but, instead, argue the existence of an informal fiduciary relationship. Appellants argue Tesoro undertook to protect the subtenants in the Master Lease by providing for notification to the subtenant by the landlord of any defaults by the tenant and providing the subtenant with the right to cure any such defaults by the tenant. In support of this position, appellants assert one who voluntarily enters an affirmative course of action affecting the interests of another is regarded as assuming a duty to act and must do so with reasonable care. One of the cases upon which appellants rely states the well-settled rule, which is based on Section 323 of the Restatement (Second) of Torts, as "one who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby." *Colonial Savs. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex.1976).[12] Section 323 applies to a cause of action for negligence involving injury to a person or property. We find nothing in Section 323 that creates a fiduciary duty between parties.

 To impose an informal fiduciary duty in a business transaction, the requisite special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.

*Associated Indem. Corp.*, 964 S.W.2d at 288; *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex.1997). Specifically, a confidential relationship can arise, if, over a long period of time, the parties have worked together in the joint acquisition and development of property before entering the agreement sought to be enforced. *Consolidated Gas & Equip. Co. of Am. v. Thompson*, 405 S.W.2d 333, 336–37 (Tex.1966); *Exploration Co. v. Vega Oil & Gas Co.*, 843 S.W.2d 123, 126–27 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

 The fact that a business relationship has been cordial and of extended duration is not by itself evidence of a confidential relationship. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962); *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex.App.-Houston [1st Dist.] 1996, no writ). Likewise, the fact that one businessman trusts another and relies on another to perform a contract does not give rise to a confidential relationship. *Crim Truck & Tractor Co.*, 823 S.W.2d at 594; *Seymour v. American Engine & Grinding Co.*, 956 S.W.2d 49, 60 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Subjective trust is simply not sufficient to transform an arms-length transaction into a fiduciary relationship. *Schlumberger Tech. Corp.*, 959 S.W.2d at 177; *Farah*, 927 S.W.2d at 676.

 To determine the existence of a confidential or fiduciary relationship, a court must examine the actualities of the relationship between the parties involved.

---

12. Section 323 of the Restatement (Second) of Torts, provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other's reliance upon the undertaking.
RESTATEMENT (SECOND) OF TORTS § 323 (1965).

*Thigpen,* 363 S.W.2d at 253; *Turner v. Church of Jesus Christ of Latter–Day Saints,* 18 S.W.3d 877, 897 (Tex.App.-Dallas 2000, pet. denied). Although the existence of a confidential relationship can be a question of fact, where there is no evidence to establish the relationship, it is a question of law. *See Miller–Rogaska, Inc.,* 931 S.W.2d at 663 (citing *Crim Truck & Tractor Co.,* 823 S.W.2d at 594)) (affirming granting of summary judgment on plaintiff's claim for breach of fiduciary duty on basis that there was no summary judgment evidence to suggest existence of fiduciary relationship); *Farah,* 927 S.W.2d at 675 (same).

Appellants have not shown any relationship with Tesoro prior to entering their respective subleases, which are the subject matter of this litigation, i.e., that the parties have worked together in the joint acquisition and development of property before entering the agreement sought to be enforced. Nor have appellants shown that this is anything but an arms-length transaction. *See Cambridge Oil Co. v. Huggins,* 765 S.W.2d 540, 544 (Tex.App.-Corpus Christi 1989, writ denied) ("The relationship between a lessor and a lessee is purely contractual absent some other special relationship created between the parties."). We conclude no informal fiduciary relationship exists between appellants and Tesoro. In the absence of either a formal or informal fiduciary relationship, the trial court properly granted summary judgment on Four Brothers' and Columbia Star's claims for breach of a fiduciary duty. Appellants' third issue with regard to breach of fiduciary duty is overruled.

### D. FRAUD

■ Appellants contend the trial court erred in granting summary judgment on Four Brothers' and Columbia Star's claims for fraud based on Tesoro's failure to inform them of the termination of the Master Lease. To recover on an action for fraud, the plaintiff must prove (1) a material representation was made, (2) the representation was false, (3) when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion, (4) the speaker made it with the intention that it should be acted upon by the party, (5) the party acted in reliance upon it, and (6) the party thereby suffered injury. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 524 (Tex.1998). Fraud by omission is a subcategory of fraud because the omission or non-disclosure may be as misleading as a positive misrepresentation of fact where a party has a duty to disclose. *Manon v. Solis,* 142 S.W.3d 380, 387 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). A failure to disclose does not constitute fraud unless there is a duty to disclose the information. *Ins. Co. of N. Am.,* 981 S.W.2d at 674; *Hoggett,* 971 S.W.2d at 487.

Tesoro raised two arguments in support of its motion for summary judgment on Four Brothers' and Columbia Star's claims for fraud: (1) it had no duty to disclose any information to them in the absence of a confidential or fiduciary relationship; and (2) it did not intend to induce them to take action on a 30–year lease term.

■ With respect to Tesoro's first argument, the existence of a confidential relationship is not the only basis on which to impose a duty to disclose information. *Anderson, Greenwood & Co. v. Martin,* 44 S.W.3d 200, 212 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). A duty to disclose may also arise in the three following situations: (1) when one voluntarily discloses information, he has a duty to disclose the whole truth; (2) when one makes a representation, he has a duty to disclose

new information when he is aware the new information makes the earlier representation misleading or untrue; and (3) when one makes a partial disclosure and conveys a false impression, he has a duty to speak. *Id.* at 212–13. Here, appellants allege that when the Master Lease was terminated, foreclosing Four Brothers' and Columbia Star's possession after April 1997, Tesoro knew new information making an earlier representation untrue and, therefore, had a duty to disclose such information to Four Brothers and Columbia Star.

■■■■■ With respect to its second argument, Tesoro never produced any summary judgment evidence on the intent element. In its motion for summary judgment, it merely denied that it intended to induce Four Brothers and Columbia Star to take any action. However, this is not sufficient to refute the element of intent. *Cf. Hendricks v. Thornton,* 973 S.W.2d 348, 358 (Tex. App.-Beaumont 1998, pet. denied) ("the mere denial of intent by an interested witness is not enough to negate the element of intent to induce reliance"). "Issues of intent and knowledge are not susceptible of being readily controverted and are generally inappropriate for summary judgment." *Frias v. Atlantic Richfield Co.,* 999 S.W.2d 97, 106 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). " 'Summary judgment should not be granted when the issues are inherently those for a jury, as in cases of intent.' " *Id.* (quoting *RRR Farms, Ltd. v. American Horse Protection Ass'n, Inc.,* 957 S.W.2d 121, 132 (Tex.App.-

Houston [14th Dist.] 1997, pet. denied)). Moreover, as discussed above, law of the case does not preclude appellants' claims against Tesoro. We conclude Tesoro did not meet its burden to negate the element of intent and the trial court improperly granted summary judgment on Four Brothers' and Columbia Star's claims for fraud. Appellants' third issue is sustained with regard to Four Brothers' and Columbia Star's claims for fraud.

**E. THIRD PARTY BENEFICIARY**

Appellants argue Tesoro breached the Master Lease by not continuing to operate under the Master Lease until April 2007. Appellants argue that because the Four Brothers and Columbia Star subleases contained the identical length of terms as the Master Lease, Four Brother and Columbia Star necessarily accepted and acted upon the Master Lease and the terms it provided them as third party beneficiaries.[13] In its motion for summary judgment, Tesoro raised law of the case as its sole ground for summary judgment on Four Brothers and Columbia Star's third-party beneficiary claim.[14] Because we have determined law of the case does not apply here, the trial court improperly granted summary judgment on Four Brothers' and Columbia Star's claims for third-party beneficiary. Appellants' third issue is sustained with regard to Four Brothers' and Columbia Star's claims for third-party beneficiary.

**V. CONCLUSION**

In summary, we find the trial court properly granted summary judgment in

13. On appeal, appellants also argue Billy B is a third-party beneficiary of the Master Lease. However, a review of appellants' sixth amended original petition shows only Four Brothers and Columbia Star brought a third party beneficiary claim based on Tesoro's breach of the Master Lease.

14. In its appellate brief, Tesoro argues Billy B was not a third party beneficiary of either sublease—a claim not raised by Billy B or addressed in any manner in the trial court—based on the argument that the sublease was not entered into for the benefit of Billy B.

favor of Tesoro on Billy B's DTPA claims and Four Brothers' and Columbia Star's claims for conspiracy to commit tortious interference and breach of fiduciary duty, and affirm those portions of the judgment. We further find the trial court erred in granting summary judgment in favor of Tesoro on Four Brothers' and Columbia Star's claims for breach of contract, breach of the warranty of quiet enjoyment under the DTPA, false, misleading, or deceptive act and unconscionable action or course of action under the DTPA, conspiracy to violate the DTPA, and fraud, and we reverse those portions of the judgment and remand to the trial court.

Accordingly, the trial court's judgment is affirmed, in part, and reversed and remanded, in part, for proceedings consistent with this opinion.