# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00038-CV

**Carl T. Wibbenmeyer,**
**Appellant**

**v.**

**TechTerra Communications, Inc.; Christian Behier;**
**and Adella Almazan-Seabolt,**
**Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 06-881-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carl T. Wibbenmeyer appeals from the trial court's denial of his request for a temporary injunction. Wibbenmeyer, Christian Behier, and Adella Almazan-Seabolt are the founders and chief shareholders of TechTerra Communications, Inc. Wibbenmeyer sued Behier, Almazan-Seabolt, and TechTerra, seeking access to company records and alleging breach of contract and tortious interference with business relations. Wibbenmeyer also asked the trial court to restrain Behier and Almazan-Seabolt from taking action at a shareholder's meeting to amend TechTerra Communications, Inc.'s bylaws and reduce the number of the company's directors. Finding that TechTerra's bylaws can be amended, the trial court concluded that Wibbenmeyer was not likely to prevail on his claims for breach of contract and tortious interference. We affirm the denial of the request for temporary injunction.

Wibbenmeyer, Behier, and Almazan-Seabolt are the principal shareholders and directors of TechTerra. Their respective ownership shares are: Behier, 43.87%; Almazan-Seabolt, 15.49%; and Wibbenmeyer, 30.28%. The remaining 10.36% of the shares are divided among eight other shareholders.

Wibbenmeyer, an attorney, drafted the TechTerra bylaws and a shareholder agreement. The bylaws provide in part as follows:

2.02 <u>Time of Annual Meeting</u>. Absent notice to the contrary, the annual meetings of the shareholders will be held each year at 9:00 a.m. on the first Monday of May. . . .

2.03 <u>Notice of Meeting</u>. Notice of the meeting . . . shall be given in writing to each shareholder entitled to vote at the meeting at least 10 but not more than 60 days before the date of the meeting . . . .

2.04 <u>Special Meetings</u>. The President may call special meetings of the members for any purpose or purposes whatsoever at any time, notice of which must be given in the manner specified in paragraph 2.03.

. . . .

3.02 <u>Number and Qualification of Directors</u>. The authorized number of Directors of this corporation is three. The number of Directors may be increased or decreased from time to time by amendment to these Bylaws, but no decrease may have the effect of shortening the term of any incumbent Director. Any directorship to be filled by reason of an increase in the number of Directors will be filled either by election at an annual meeting or at a special meeting of shareholders called for that purpose.

3.03 <u>Election and Term of Office</u>. The Directors will be elected annually by the shareholders entitled to vote, and will hold office until their respective successors are elected, or until their death, resignation, or removal.

. . . .

3.05 <u>Removal of Directors</u>. Any individual Director may be removed from office only with good cause through judicial declaration.

. . . .

8.01 <u>Amendment by Shareholders</u>. These Bylaws may be amended only by the vote of shareholders owning more than sixty-percent (60%) of the issued and outstanding shares of the corporation.

The Shareholders Agreement provides in relevant part as follows:

For so long as the Board of Directors consists of three or more members, the parties to this Agreement agree to vote all of their shares for the election of directors as follows: one nominee of Christian Behier, one nominee of Adella Almazan, and one nominee of Carl T. Wibbenmeyer.

Behier, Almazan-Seabolt, Wibbenmeyer, and the spouses of Wibbenmeyer and Behier are listed as signatories to the shareholder agreement.

At some point, relations between Wibbenmeyer and the other principal shareholders apparently deteriorated. On October 27, 2006, Wibbenmeyer filed a Plaintiff's Mandamus to Open Books and Records of a Corporation Under Article 2.44 Texas Business Corporation Act. By motion dated October 30, 2006, Behier asked the TechTerra board of directors to have Wibbenmeyer "removed from the board of TechTerra due to the serious nature of the conflict of interest" with another company for which Wibbenmeyer worked. Wibbenmeyer was not removed as a director.

On December 9, 2006, Behier called a special meeting of the shareholders "to amend the Corporation's Bylaws to reduce the number of directors, revise the effect of a reduction in the number of directors and to change the provisions for removing directors." On December 15, 2006, Wibbenmeyer filed an Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and added claims for breach of contract and tortious interference with

3

business relations. His request for injunctive relief had several grounds. He asserted that his removal from the board would "partially remove jurisdiction on the Plaintiff's pending Mandamus action and negatively affect his existing rights to seek documents and information from the Corporation based upon his status as a Director. Damages for all of these losses are irreparable in that it is difficult or impossible to quantify." He asked the court to enjoin appellees from:

> (1) holding or attending a Shareholders' meeting for the purpose of amending TechTerra Communications, Inc.'s Bylaws to reduce the number of directors, to revise the effect of a reduction in the number of directors or to change the provision for removing directors.

> (2) making or voting for any motion that would have the [e]ffect of carrying out the purpose of amending TechTerra Communication, Inc.'s Bylaws to reduce the number of directors, to revise the effect of a reduction in the number of directors or to change the provision for removing directors.

> (3) amending or attempting to amend the Bylaws of TechTerra Communications, Inc. to reduce the number of directors, or to revise the effect of directors or to change the provision for removing directors.

The trial court entered a temporary restraining order using Wibbenmeyer's proposed order but excising the language just quoted. In its place, the court inserted language enjoining appellees from "removing any directors currently appointed to the Board of Directors of TechTerra Communications, Inc."

The shareholders other than Wibbenmeyer met on December 19, 2006. Because of scheduled travel plans, Wibbenmeyer did not attend. According to Behier, the other shareholders amended the bylaws by reducing the number of directors to a minimum of two, setting an election

4

date and terms for directors, deleting the requirement of a judicial declaration of good cause to remove a director, and permitting shareholders or directors to vote to remove a director.

The trial court held a hearing on Wibbenmeyer's requests for temporary injunction and writ of mandamus, and then denied both. Wibbenmeyer appealed from the denial of the temporary injunction. This Court issued an order temporarily enjoining appellees "from taking any action removing Carl T. Wibbenmeyer from the Board of TechTerra Communications, Inc." pending consideration of his appeal.

The denial of a temporary injunction is subject to reversal only for a clear abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). A trial court abuses its discretion when it acts arbitrarily, unreasonably, and without reference to guiding rules or principles, or misapplies the law to the established facts of the case. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). We may neither substitute our judgment for that of the trial court nor resolve the merits of the underlying case. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). Rather, we review the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor. *See Universal Health*, 24 S.W.3d at 576.

The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Walling*, 863 S.W.2d at 57. For a temporary injunction to issue, the movant must show: (1) a viable cause of action; (2) a probable right to recovery; and (3) a probable, imminent, and irreparable injury in the interim. *Id*.

5

We will focus on the second prong of the test because the trial court made an express finding that Wibbenmeyer is unlikely to prevail on his claims for damages for tortious interference with contract and breach of contract. Wibbenmeyer complains that Behier and Almazan-Seabolt's actions show their intent to breach their obligation under the shareholders' agreement to vote for Wibbenmeyer's nominee for director.[1] He contends that the reduction of the number of directors to two renders compliance with the three named principal shareholders' obligation to vote for one another's nominees impossible. Thus, Wibbenmeyer argues, he has shown a probable right to recover on his claim that Behier and Almazan-Seabolt will violate the shareholder agreement.

Wibbenmeyer challenges the trial court's finding that Wibbenmeyer was not likely to prevail on his claim of tortious interference with contract. Wibbenmeyer claims that Behier and Almazan-Seabolt tortiously interfered with the shareholder agreement. A successful claim of tortious interference, however, must be based on the acts of an interfering third party—in other words, a party to a contract cannot tortiously interfere with its own contract. *See Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Central Sav. & Loan Ass'n v. Stemmons Nw. Bank, N.A.*, 848 S.W.2d 232, 241 (Tex. App.—Dallas 1992, no pet.). Because Behier and Almazan-Seabolt are both parties to the shareholder agreement, the trial court did not abuse its discretion by finding that Wibbenmeyer is unlikely to show that they tortiously interfered with the shareholder agreement.

---

[1] The trial court expressly found that Wibbenmeyer brought his claim "in anticipation of a breach by the individual defendants of the shareholder agreement covenant to vote their shares for plaintiff when voting for directors." Appellees assert that Wibbenmeyer did not allege the essential elements of an anticipatory breach claim. The trial court did not address appellees' argument in its findings of fact and conclusions of law.

6

Wibbenmeyer also challenges the court's finding that he is unlikely to prevail on his breach of contract claim. He argues that the individual appellees are taking actions that will cause them to breach the shareholder agreement. He contends that the agreement creates a covenant to vote for at least three directors—one of whom he nominates—not an obligation contingent on the existence of the condition precedent that the board of directors have three members.

Wibbenmeyer argues that this case is indistinguishable from a case in which a shareholder voting agreement was interpreted to prohibit a shareholder from changing the number of directors. *See R.H. Sanders Corp. v. Haves*, 541 S.W.2d 262, 264 (Tex. Civ. App.—Dallas 1976, no writ). In that case, Sanders was the sole owner of a corporation with a three-member board of directors. When two investors bought 35% of the shares of the company, they and Sanders entered a contract that provided as follows, "Each of the three stockholders shall be a Director of the corporation and each vote shall be equal. A majority of the three-man board of Directors shall control." *Id*. When Sanders tried to exercise his majority shares to expand the board to five directors—thereby allowing him to gain majority control of the board—the minority shareholders obtained an injunction blocking the expansion. *Id*. at 263-64. The court of appeals affirmed, concluding that the entire contract showed that the parties intended the voting agreement to guarantee that the minority shareholders would have majority control of the board. *Id*. at 264. "This control is only possible if Sanders is bound to vote his shares for the election of plaintiffs to the Board and is bound not to vote them in a manner that would deprive plaintiffs of a majority." *Id*. Wibbenmeyer contends that the agreement here is similarly intended to give each principal shareholder a place on the board.

The record in this case is distinguishable from that in *Sanders*. The agreement in *Sanders* emphasizes the size of the board, stating that each of the three stockholders will be a director and have an equal vote on the "three-man board." That emphasis, combined with the evidence regarding the minority shareholders' intent to control the board in exchange for their investment and loan, persuaded the *Sanders* court to conclude that the parties intended the board to remain at three members. *Id*. The shareholder agreement in *Sanders* did not expressly prohibit the expansion of the board of directors, but neither is there any conditional language as in the agreement in this case. Here, the shareholders' agreement to vote for one another's nominees is prefaced with the phrase "[f]or so long as the Board of Directors consists of three or more members," indicating an awareness that the number could be reduced.

Wibbenmeyer contends that he is likely to prevail because this facially conditional shareholder agreement is actually a covenant for the three principal shareholders to vote for one another's director nominees. He argues that the agreement is not subject to a condition precedent. Conditions precedent can be acts or events that occur after the making of the contract that must occur before the parties have a right to immediate performance or before the parties breach a contractual duty.[2] *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976). A court, in determining the meaning and intent of a contract, must look at the entire instrument and must

---

[2] Wibbenmeyer argues that, because the board of directors included three members when the shareholder agreement was formed, the three-director board was an existing condition rather than a condition precedent needing to be satisfied. That is an accurate observation, but it is not dispositive. Under the bylaws, the opportunity to nominate and vote for directors occurs annually. Thus, whether the obligation to vote for the three primary shareholders' nominees for director recurs depends on the conditions existing at the time of the election.

8

construe and consider all of its provisions together. *Id*. Because of their potential harshness, conditions are not favored. *Id*. Where the intent of the parties is in doubt or a condition imposes an absurd or impossible result, the court should interpret the contract as imposing a covenant rather than a condition. *Id*. "When interpreting a contract, we examine the entire agreement in an effort to harmonize and give effect to all provisions of the contract so that none will be meaningless." *MCI Telecomm. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999).

Although facially conditional language can create a covenant in the right context, we conclude that it does not do so here. Wibbenmeyer relies on a case that interpreted what appears to be a conditional promise to transfer property when taxes are paid by the recipient as instead a promise by the recipient to pay taxes when the property is transferred. *Marsh v. Marsh*, 949 S.W.2d 734, 744 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The agreement in *Marsh* provided as follows:

> It is the intent of the parties that the transfer from Marsh to Jacobs shall qualify for the unlimited marital deduction gift as provided for by the provisions of the U.S. Internal Revenue Code concerning gifts to spouses and any provisions to the contrary in this Agreement or the Trust shall not take effect if such provisions would cause any gift taxes to be paid on the transfer of this gift, unless such taxes are paid by Jacobs from the property transferred.

*Id*. at 743. Marsh argued that his obligation to give the gift was excused because Jacobs did not pay the gift taxes. *Id*. Noting that the obligation to pay gift taxes does not arise until *after* a gift is made, the court rejected Marsh's argument as illogical. *Id*. at 744. Because construing the tax-paying as a condition precedent to the gift-giving obligation would have led to an absurd result, the court construed the contract as creating a covenant requiring Jacobs to pay taxes when Marsh made the

9

gift. *See id*. In this case, however, construing the prefatory clause in the shareholder agreement as a condition does not lead to an absurd result. It is logical that an obligation to vote for three nominees for a board of directors persists only while the board of directors includes three members. It is also logical that an obligation that exists "for so long as" a condition exists is excused when the condition does not exist. Interpreting the agreement as a covenant to maintain three directors would render the "for so long as" language meaningless, thus violating a fundamental principal of contract interpretation. *MCI Telecomm.*, 995 S.W.2d at 652 (contracts should be interpreted so that no provision is meaningless).

Wibbenmeyer also argues that, although appellees have the power under the bylaws to reduce the number of directors, the shareholder agreement stripped them of the right to do so, relying on *Rich v. McMullan*, 506 S.W.2d 745, 747 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.). In *Rich*, a landowner repudiated a contract to sell land based on the buyer's failure to obtain financing. *Id*. The court found the repudiation invalid, however, because the landowner had caused the buyer's failure to obtain financing by refusing to allow the prospective lender's appraiser access to the land. *Id*. The landowner had the general power to exclude people from his land, but he lost the right to do so without contractual penalty when he agreed to sell his land. Wibbenmeyer contends that the appellees are not excused from compliance with the shareholder agreement based on the low number of directors because appellees are responsible for the number of shareholders falling below three.

We are not persuaded that the trial court abused its discretion by concluding otherwise in this case. Wibbenmeyer has not shown himself likely to prove that the parties intended to require

10

a minimum of three directors on the board when they did not do so, either in the bylaws or in the shareholder agreement. The bylaws expressly and undisputedly permit an amendment that reduces the number of directors to two. Section 3.02 states, "The number of Directors may be increased or decreased from time to time by amendment to these Bylaws . . . ." The shareholder agreement does not expressly address, much less limit, the right to reduce the number of directors. Although the agreement obligates the three named principal shareholders to vote for the director nominees of the three named principal shareholders, it prefaces that obligation by stating that the agreement applies "[f]or so long as the Board of Directors consists of three or more members." The shareholder agreement and bylaws reasonably can be read to require the three named principal shareholders to vote for the nominees of the three named principal shareholders except when the bylaws have been amended properly to reduce the number of directors to fewer than three. Thus, the trial court did not abuse its discretion by concluding that Wibbenmeyer has not shown himself likely to prevail on a claim that appellees breached the shareholder agreement by exercising their power to amend the bylaws or would breach it after doing so.

This opinion is not to be interpreted as a comment on the merits of the underlying cause of action beyond that required by the standard of review. We are reviewing only the trial court's decision not to issue a temporary injunction. That decision was based on the record presented and turned in part on whether Wibbenmeyer had shown that he would probably recover on the merits. Our review of that decision is limited to whether the trial court abused its discretion based on this record.

11

We find no abuse of discretion in the trial court's denial of the motion for temporary injunction on the record presented. We vacate our Order dated January 25, 2007, temporarily enjoining appellees from taking any action removing Carl T. Wibbenmeyer from the Board of TechTerra Communications, Inc., and affirm the order of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 11, 2008