# NO. 12-08-00048-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEWAYNE ROGERS LOGGING, INC.,* *APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | | |
| *PROPAC INDUSTRIES, LTD., EAST TEXAS MACHINERY RENTAL, INC. AND DEERE & COMPANY, d/b/a JOHN DEERE COMPANY,* | § | *JUDICIAL DISTRICT COURT OF* |
| *APPELLEES* | § | *TRINITY COUNTY, TEXAS* |

### *OPINION*

This is an appeal from a summary judgment granted in favor of Appellees, Propac Industries, Ltd., East Texas Machinery Rental, Inc., and Deere & Company, d/b/a John Deere Company. Appellant, Dewayne Rogers Logging, Inc., raises four issues on appeal. We affirm.

### BACKGROUND

In late 1998, Dewayne Rogers Logging, Inc., solely owned by Dewayne Rogers, purchased a Propac delimber attached to a 690E John Deere Excavator (the "machine") from East Texas Machinery. Rogers Logging took the machine on demonstration for approximately one week before purchasing it on December 1, 1998. Dewayne Rogers used the machine to remove limbs from the trunk of a tree, measure the log, and cut it for removal to a sawmill. He called it "a fine piece of machinery," and stated that it met his expectations. Maintenance records on December 7, 1998 showed it had sixty hours of use, and by April 11, 2000, over three thousand hours of use. Deere and Propac gave Rogers Logging six month warranties on the machine, but disclaimed all implied

warranties.  On July 6, 2000, the machine caught fire late in the day when no one was present and was totally destroyed.  Lloyds of London reimbursed its insured, Rogers Logging, for the loss of the machine.  In exchange, Rogers Logging executed an assignment of its claims for loss of the machine to Lloyds.

On July 11, 2001, Lloyds brought suit against Deere, Propac, and East Texas Machinery (collectively, "Appellees") in Rogers Logging's name as its subrogee.  The causes of action alleged against Appellees included negligence, gross negligence, strict liability, violation of the Deceptive Trade Practices Act ("DTPA"), breaches of express and implied warranties, breach of contract, and fraud.  Appellees filed both traditional and no evidence motions for summary judgment. After hearings on the motions, the trial court ultimately granted all of them and entered a final take nothing judgment in favor of Appellees.  This appeal followed.

## STANDARD OF REVIEW

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  The movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense.  *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).  A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense or, more specifically, prove each essential element of that defense.  *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *The Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense.  TEX. R. CIV. P. 166a(i).  Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue

2

on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

In both traditional and no evidence summary judgment motions, we review the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* Tex. R. Civ. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for the ruling, we will affirm if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). When a party moves for both a traditional and a no evidence summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id*.

## SPECIAL EXCEPTIONS

As part of its first issue, Rogers Logging argues that Propac's no evidence motion for summary judgment relating to strict liability, negligence, and gross negligence, which Deere joined, is nothing more than a special exception. As part of its second issue, Rogers Logging contends that Deere's and Propac's motions for summary judgment regarding the DTPA violations and breach of express warranty claims are also special exceptions.

3

**Applicable Law**

A no evidence motion for summary judgment must state the elements as to which the movant contends there is no evidence. TEX. R. CIV. P. 166a(i); ***Callaghan Ranch, Ltd. v. Killam***, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no evidence challenges to an opponent's case are not authorized. ***Id.*** When a party fails to state a cause of action or fails to plead all the elements of a cause of action or defense, the opposition may file special exceptions. ***Nassar v. Hughes***, 882 S.W.2d 36, 38 (Tex. App.–Houston [1st Dist.] 1994, writ denied).

**Analysis**

We have reviewed the challenged no evidence summary judgment motions. For each claim addressed in the motions, Deere and Propac alleged at least one element that they contend is without evidentiary support. For example, regarding strict liability, negligence, and gross negligence, Deere and Propac alleged there is no evidence that Rogers Logging incurred any "physical" or actual harm to either persons or other property. *See **Killam***, 53 S.W.3d at 3. Regarding the DTPA and breach of express warranty claims, Deere and Propac alleged that Lloyds, as Rogers Logging's subrogee, was not a consumer under the DTPA. *See **Killam***, 53 S.W.3d at 3. Deere's and Propac's no evidence summary judgment motions conform to the requirements of Texas Rule of Civil Procedure 166a(i). Therefore, we cannot agree that the motions are actually special exceptions. Accordingly, we overrule the part of Rogers Logging's first and second issues pertaining to that complaint.

## ECONOMIC LOSS RULE

As part of its first issue, Rogers Logging contends that the trial court erred in granting summary judgment in favor of Deere and Propac on its strict liability, negligence, and gross negligence claims. Deere and Propac argue that the economic loss rule bars recovery.

In determining whether the plaintiff may recover on a tort theory, it is instructive to examine the nature of the plaintiff's loss. ***Sw. Bell Tel. Co. v. DeLanney***, 809 S.W.2d 493, 494 (Tex. 1991). When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract. ***Id.*** Under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.

4

***Sterling Chems., Inc. v. Texaco, Inc.***, 259 S.W.3d 793, 796 (Tex. App.– Houston [1st Dist.] 2007, pet. denied). In other words, the economic loss rule precludes recovery of economic losses in negligence when the loss is the subject matter of the contract between the parties. ***Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.***, 29 S.W.3d 282, 285 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

In their no evidence summary judgment motions, Deere and Propac alleged there is no evidence that Rogers Logging suffered any personal injury or any property damage except the destruction of the machine that is the subject of the contract between the parties. Therefore, they urged that Rogers Logging could not maintain its claims for strict liability, negligence, and gross negligence. Rogers Logging did not respond with any summary judgment evidence that the fire produced any damages other than the destruction of the machine itself. Consequently, the economic loss rule precludes recovery on Rogers Logging's strict liability, negligence, and gross negligence claims. *See* ***Coastal Conduit & Ditching, Inc.***, 29 S.W.3d at 285. Thus, the trial court did not err in granting Deere and Propac's no evidence motions for summary judgment regarding those claims. Accordingly, we overrule that portion of Rogers Logging's first issue challenging the summary judgment against Deere and Propac on the strict liability, negligence, and gross negligence claims.

**MANUFACTURING, DESIGN, AND MARKETING DEFECTS**

As part of its first issue, Rogers Logging argues that the trial court erred in granting summary judgment in favor of East Texas Machinery on the issues of strict liability, negligence, and gross negligence based upon the manufacture, design, and marketing of the machine. East Texas Machinery filed a no evidence motion for summary judgment, alleging that Rogers Logging presented no evidence of one or more elements of its manufacturing, design, and marketing defect claims.

**Manufacturing Defect**

To recover for a manufacturing defect, a plaintiff must prove that the product was defective when it left the hands of the manufacturer, and that the defect was a producing cause of the plaintiff's injuries. *See* ***Ridgway***, 135 S.W.3d at 600; ***Torrington Co. v. Stutzman***, 46 S.W.3d 829, 844 (Tex. 2000). A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably

5

dangerous. *Ridgway*, 135 S.W.3d at 600. In its no evidence motion for summary judgment, East Texas Machinery alleged, in part, that there was no evidence that the machine was defective. In response, Rogers Logging pointed to the affidavit of Frank Johnson and an engineering report attached to the affidavit. However, neither Johnson's affidavit or the engineering report suggested or concluded that the machine deviated from the specifications or planned output when it left Propac and Deere. Thus, Rogers Logging has not raised a fact issue as to the existence of a manufacturing defect.

**Design Defect**

A design defect renders a product unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 588 (Tex. 1999). To recover for a design defect, a plaintiff must prove that there is a safer alternative design. *Id.* An alternative design must substantially reduce the risk of injury and be both economically and technologically feasible. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(b) (Vernon 2005).

In its no evidence motion for summary judgment, East Texas Machinery alleged, in part, that there was no evidence that a safer alternative design existed. In response, Rogers Logging again referred to Johnson's affidavit. In his affidavit, Johnson stated as follows:

> The equipment was defectively designed so as to render it unreasonably dangerous to Dewayne Rogers. In particular, the design of the electrical system allowed the ordinary and intended [user] of the product to be prone to the electrical arching that occurred and was the proximate cause of the underlying fire. A safer alternative design that would have incorporated additional insulation of the electrical wiring and/or fused the wiring on the equipment at issue existed at the time the product was manufactured. The safer alternative design would have prevented or significantly reduced the risk of electrical fire made the basis of this lawsuit, without substantially impairing the product's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of the defendants by the application of existing or reasonably achievable scientific knowledge.

Conclusory affidavits are not enough to raise fact issues. *Ryland Group, Inc.*, 924 S.W.2d at 122. Texas Rule of Civil Procedure 166a(f) requires that affidavits used as summary judgment evidence "set forth such facts as would be admissible in evidence, and [] show affirmatively that the affiant is competent to testify to the matters stated therein." *See* TEX. R. CIV. P. 166a(f); *Ryland Group, Inc.*, 924 S.W.2d at 122. Further, conclusory statements in affidavits are not proper as

6

summary judgment proof if there are no facts to support those conclusions. ***Dolcefino v. Randolph***, 19 S.W.3d 906, 930 (Tex. App.–Houston [14th Dist.] 2000, pet. denied).

In his affidavit, Johnson concludes that the safer alternative design would have "prevented or significantly reduced the risk of electrical fire," and that it was "economically and technologically feasible." However, Johnson fails to state any facts supporting these conclusions. Because Johnson's affidavit was conclusory as to two essential elements of Rogers Logging's claim, it was insufficient to raise a fact issue as to those elements.

## Marketing Defect

A marketing defect occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use. ***USX Corp. v. Salinas***, 818 S.W.2d 473, 482 (Tex. App.–San Antonio 1991, writ denied). The elements that must be proved to recover for a marketing defect are as follows: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. ***Id.*** at 482-83. A product supplier is not liable for a failure to warn of dangers that were unforeseeable at the time the product was marketed. ***Id.*** at 483. Thus, a plaintiff must show that the product supplier knew or should have known of the risks at the time of marketing. ***Id.***

In its no evidence motion for summary judgment, East Texas Machinery alleged, in part, that there was no evidence that it actually knew or should have reasonably foreseen the risk of harm at the time the machine was marketed. Rogers Logging did not respond with any evidence that East Texas Machinery knew at the time the machine was marketed that there was a possible fire danger. Johnson states in his affidavit that a "retailer should have foreseen that the intended use of the equipment may result in severe wire fatigue and damage to the wire insulation requiring additional safeguards and/or precautions to prevent exposure of the electrical wires on the equipment." However, Johnson fails to state any facts supporting his conclusion that East Texas Machinery

7

reasonably should have foreseen the risks of a possible fire danger when the machine was marketed. *See id.* Thus, Rogers Logging failed to raise a fact issue as to this element.

**Negligence and Gross Negligence**

Rogers Logging states that, as an alternative to strict liability, it has a claim against East Texas Machinery for negligence and gross negligence in the design, manufacture, and marketing of the machine. To prevail on a claim of negligence against the supplier of an allegedly defective product, a plaintiff must prove a legal duty owed to the plaintiff by the defendant, breach of that duty, and damages to the plaintiff proximately caused by the breach of the duty. *DeGrate v. Executive Imprints, Inc.*, 261 S.W.3d 402, 409 (Tex. App.–Tyler 2008, no pet.) (citing *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 376-77 (Tex. 1984)). To establish breach of duty, the plaintiff must show that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *Lincoln Prop. Co. v. DeShazo*, 4 S.W.3d 55, 61 (Tex. App.–Fort Worth 1999, pet. denied). In its no evidence motion for summary judgment, East Texas Machinery alleged there is no evidence of any negligent acts or omissions by East Texas Machinery that caused Rogers Logging's damages.[1] Rogers Logging did not respond with evidence of any negligent acts or omissions by East Texas Machinery that caused its damages. Consequently, Rogers Logging has not raised a fact issue on whether East Texas Machinery breached any duty it had to Rogers Logging.

Other than in worker's compensation cases, a finding of ordinary negligence is a prerequisite to a finding of gross negligence. *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.–Houston [14th Dist.] 1994, writ denied). Because Rogers Logging has not raised a fact issue as to East Texas Machinery's breach of duty, it has not raised a fact issue as to its gross negligence. *See id.*

**Conclusion**

The trial court did not err in granting East Texas Machinery's no evidence summary judgment on Rogers Logging's strict liability, negligence, and gross negligence claims. Accordingly,

---

[1] We interpret this as an allegation that there is no evidence of any breach of duty by East Texas Machinery.

we overrule that part of Rogers Logging's first issue complaining of East Texas Machinery's no evidence summary judgment on these claims.

<h3 style="text-align:center"><u>DTPA AND EXPRESS WARRANTY CLAIMS</u></h3>

As part of its second issue, Rogers Logging contends that the trial court erred in granting summary judgment in favor of Appellees on the DTPA and breach of express warranty claims.

**Motions for Summary Judgment**

Deere and Propac filed no evidence and traditional motions for summary judgment alleging that Lloyds, as Rogers Logging's subrogee, did not have standing to pursue a claim under the DTPA as a consumer. East Texas Machinery filed a no evidence motion for summary judgment asserting there was no evidence that Lloyds was a consumer under the DTPA. In order to pursue a claim under the DTPA, an entity must qualify as a consumer. *See* TEX. BUS. & COM. CODE ANN. §17.50(a) (Vernon Supp. 2008); *see also **Doe v. Boys Clubs of Greater Dallas, Inc.***, 907 S.W.2d 472, 478 (Tex. 1995). "Consumer" means an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services. TEX. BUS. & COM. CODE ANN. § 17.45(4) (Vernon Supp. 2008). However, the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more. ***Id.***

In its petition, Rogers Logging states that Lloyds, after paying for the loss of the machine, became its subrogee. The summary judgment evidence shows that Rogers Logging gave Lloyds a written assignment after Lloyds paid Rogers Logging's claim. Lloyds, as Rogers Logging's subrogee, admits that it has assets of more than $25 million and that it could not, by itself, maintain consumer status in an independent action under the DTPA. *See **Henderson v. Cent. Power & Light Co.***, 977 S.W.2d 439, 444 (Tex. App.–Corpus Christi 1998, pet. denied).

*No evidence motions for summary judgment*

Lloyds contends that Appellees' no evidence motions for summary judgment are improper because lack of consumer status under the DTPA is an affirmative defense. The defendant has the burden to plead and prove the applicability of the $25 million exception to DTPA consumer status as an affirmative defense. ***Eckman v. Centennial Savings Bank***, 784 S.W.2d 672, 674-75 (Tex.

1990). Thus, as movants, Appellees had the burden to prove that Lloyds was not a consumer under the DTPA. *See **Harrill v. A.J.'s Wrecker Svc., Inc.**,* 27 S.W.3d 191, 194 (Tex. App.–Dallas 2000, pet. dism'd w.o.j.). The party with the burden of proof may never properly file a no evidence motion for summary judgment on an affirmative defense. *See* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 47 S. TEX. L. REV. 409, 415 (Spring 2006). Because Appellees had the burden of proof regarding Lloyds' lack of consumer status under the DTPA, their no evidence motions for summary judgment were improper, and the trial court erred in granting them.

<u>*Deere's and Propac's Traditional Motions for Summary Judgment*</u>

Deere and Propac also filed traditional motions for summary judgment alleging that Lloyds cannot be a consumer because it has assets in excess of $25 million. In response, Lloyds admitted that it has assets of more than $25 million and that it could not, by itself, maintain consumer status in an independent action under the DTPA. However, Lloyds claimed that, upon joining its subrogation claim with the DTPA claims of Rogers Logging, it has consumer status. Moreover, Lloyds argues that subrogation is not an assignment. Subrogation is the right of one who has paid an obligation, that another should have paid, to be indemnified by the other. ***Int'l Elevator Co., Inc. v. Garcia***, 73 S.W.3d 420, 421 (Tex. App.–Houston [1st Dist.] 2002, no pet.). DTPA claims generally cannot be assigned by an aggrieved consumer to someone else. ***PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship***, 146 S.W.3d 79, 92 (Tex. 2004). Specifically, a subrogee who cannot qualify as a consumer in its own right may not assume the status of its insured for the purposes of pursuing a DTPA claim. ***Trimble v. Itz,*** 898 S.W.2d 370, 372 (Tex. App.–San Antonio 1995, writ denied). As mentioned earlier, Lloyds has admitted that it cannot, by itself, maintain consumer status. Moreover, as Rogers Logging's subrogee, Lloyds may not pursue claims under the DTPA by assuming Rogers Logging's status as a consumer. *See **Trimble**,* 898 S.W.2d at 372. Therefore, Lloyds does not have standing to pursue its DTPA claims as Rogers Logging's subrogee. *See* TEX. BUS. & COM. CODE ANN. § 17.45(4); ***Trimble***, 898 S.W.2d at 372. Additionally, Rogers Logging stated in its responses to Deere's and Propac's motions for summary judgment that its DTPA claims were based on a breach of express warranty. Without standing to bring its DTPA claims, it cannot pursue its breach of express warranty claims. Therefore, the trial court did not err in granting Deere's and Propac's traditional motions for summary judgment regarding Rogers Logging's DTPA and breach of express warranty claims.

East Texas Machinery filed a traditional motion for summary judgment alleging that Rogers Logging's DTPA claims arise from the same facts as its breach of contract claims and are, therefore, barred by law. Rogers Logging responded that its DTPA claims arise from a breach of express and implied warranties, not contract.[2] More specifically, Rogers Logging contended that East Texas Machinery violated subsections 17.46(b)(5), (7), and (9), and 17.50(a)(2) of the DTPA.

Under the DTPA, a consumer may recover damages incurred as a result of another's false, misleading, or deceptive acts or practices. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (Vernon Supp.2008). However, mere breach of contract, without more, does not violate the DTPA. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex.1998). But when representations are made outside the contract, a violation of the DTPA may occur. *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 390 (Tex. App.–Texarkana 2003, pet. denied). Whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact driven inquiry that, once the facts are ascertained, is a question of law. *Id.* at 389. When a representation by a defendant causes no harm itself, but instead the injury or damage was caused by the breach of contract, that injury is governed by contract law, not the DTPA. *See Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14-15 (Tex.1996). Further, when the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone. *Cont'l Dredging*, 120 S.W.3d at 389-90 (quoting *Bekins Moving & Storage Co. v. Williams*, 947 S.W.2d 568, 577 (Tex. App.–Texarkana 1997, no pet.)).

Rogers Logging admits that the only loss suffered was the destruction of the machine itself, the subject of the contract between the parties. All of the representations made by East Texas Machinery to Rogers Logging, if any, were within the customer purchase order. Because Rogers Logging admits it did not suffer any injury other than the economic loss to the machine itself, we conclude that its injury is governed by contract law, not the DTPA. Thus, the trial court did not err in granting East Texas Machinery's traditional motion for summary judgment regarding Rogers Logging's DTPA and breach of express warranty claims.

## Conclusion

The trial court did not err in granting Appellees' traditional motions for summary judgment

---

[2] We will discuss Rogers Logging's complaint regarding implied warranties later in this opinion.

on Rogers Logging's DTPA and express warranty claims. Accordingly, we overrule the portion of Rogers Logging's second issue regarding the traditional summary judgment in Appellees' favor on these claims.

## INTERLOCUTORY ORDERS

As part of its second issue, Rogers Logging argues that the trial court erred when it entered its final judgment because that judgment conflicted with its earlier rulings. Interlocutory orders do not become final until they are merged into the final judgment. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972). A trial court has the inherent authority to change or modify any interlocutory order until the judgment becomes final. *Rush v. Barrios*, 56 S.W.3d 88, 98 (Tex. App.–Houston [14th Dist.] 2001, pet. denied).

In 2004, the trial court granted summary judgment against Rogers Logging on its strict liability, negligence, and gross negligence claims. The trial court denied Appellees' motions for summary judgment regarding Rogers Logging's DTPA and "U.C.C." claims. Later, however, the trial court granted Deere's and Propac's motions for summary judgment on Rogers Logging's DTPA and express warranty claims. In its final judgment, the trial court granted all no evidence and traditional motions for summary judgment filed by Appellees. The judgment stated that it was a "final order disposing of all parties and all claims and is appealable." Because the trial court's interlocutory orders were not final until they were merged into the final judgment, and the trial court had the inherent authority to change any interlocutory order until such time, we conclude the trial court did not err in entering its final judgment. *See* **Rush**, 56 S.W.3d at 98. Accordingly, we overrule that portion of Rogers Logging's second issue regarding previous interlocutory orders.

## BREACH OF CONTRACT

As part of its fourth issue, Rogers Logging contends the trial court erred in granting summary judgment in favor of Appellees on its breach of contract claims. Rogers Logging argues that Appellees breached the customer purchase order and breached a contract among themselves regarding warranties.[3]

The essential elements of breach of contract are (1) a valid contract, (2) performance or

---

[3] The customer purchase order is Rogers Logging's order for the excavator and delimber. It also includes Rogers Logging's promise to pay for the machine and provisions relating to express and implied warranties.

tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of that breach. *B & W Supply, Inc. v. Beckman*, No. 01-07-00574-CV, 2009 WL 943792, at *3 (Tex. App.–Houston [1st Dist.] Apr. 9, 2009, pet. denied) (not yet released for publication). Moreover, to prevail on a breach of contract claim, one must be a party to the contract. *Graham v. Turcotte*, 628 S.W.2d 182, 183 (Tex. App.–Corpus Christi 1982, no writ).

Deere and Propac filed no evidence motions for summary judgment alleging that they were not parties to the customer purchase order and, therefore, there is no evidence of a contract between them and Rogers Logging. Rogers Logging responded to those motions, but did not provide evidence that Deere and Propac were parties to the customer purchase order. Nor did Rogers Logging provide evidence of any other document evidencing a contract between it and either Deere or Propac.

In its complaints regarding the contract to which Appellees are a party, Rogers Logging appears to refer to the John Deere excavator conversion approval application. This document is an application to Deere for its approval in converting a John Deere excavator by attaching a Propac delimber to it. The application is in the form of a checklist, is signed by representatives of Deere, Propac, and East Texas Machinery, and is approved by Deere. The summary judgment evidence shows, and Rogers Logging admits, that it was not a party to that contract. Because Rogers Logging was not a party to the conversion approval application, it cannot seek recovery for breach of that contract.[4] *See Graham*, 628 S.W.2d at 183.

In its no evidence motion for summary judgment, East Texas Machinery alleges that there is no evidence that it breached its contract (the customer purchase order) with Rogers Logging. Rogers Logging responded to the motion, but did not provide any evidence supporting its contention that East Texas Machinery breached the customer purchase order.

Because Rogers Logging did not produce any evidence supporting the elements challenged by Appellees, the trial court did not err in granting Appellees' no evidence motions for summary

---

[4] Rogers Logging also suggests that "none of the parties to that agreement stood to benefit *more* than the ultimate consumer of the delimber machine. In this case, that 'third party beneficiary' was the Appellant." However, Rogers Logging provides no argument or citations to authorities supporting its statement that it is a third party beneficiary of the conversion approval application. *See* TEX. R. APP. P. 38.1(i). Therefore, we do not address that issue.

judgment regarding Rogers Logging's breach of contract claims. Accordingly, we overrule the portion of Rogers Logging's fourth issue regarding its breach of contract claims.

**IMPLIED WARRANTIES**

As part of its fourth issue, Rogers Logging contends that the trial court erred in granting summary judgment in favor of Appellees on its implied warranty claims. In their no evidence motions, Appellees alleged that the customer purchase order disclaimed the implied warranties of merchantability and fitness for a particular purpose. Therefore, they contended, Rogers Logging cannot produce evidence of any implied warranties.

**Applicable Law**

Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. TEX. BUS. & COM. CODE ANN. §2.314(a) (Vernon 2009). An implied warranty of fitness for a particular purpose may be excluded or modified. *Id.* §2.315 (Vernon 2009). To exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in the case of a writing, must be conspicuous. *Id.* §2.316(b) (Vernon 2009). To exclude or modify any implied warranty of fitness, the exclusion must be by a writing and conspicuous. *Id.* The Texas Business and Commerce Code defines "conspicuous" as follows:

> (10)     "Conspicuous," with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the court. Conspicuous terms include the following:
>
> > (A)     a heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and
> >
> > (B)     language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

*Id.* § 1.201(10)(A), (B) (Vernon 2009).

A disclaimer must be disclosed to the buyer before the contract of sale has been completed, unless the buyer later agrees to the disclaimer as a modification of the contract. *Womco, Inc. v. Navistar Int'l Corp.*, 84 S.W.3d 272, 279 (Tex. App.– Tyler 2002, no pet.). One of the underlying

14

purposes of section 2.316 of the Texas Business and Commerce Code is to protect a buyer from surprise by permitting the exclusion of implied warranties. *Id.*

**Analysis**

The customer purchase order signed by Rogers Logging for the machine contained the following language in bold, all capital letters:

NO IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS IS MADE.

Because this language mentions merchantability, is in capital letters equal in size to the surrounding text, and is in contrasting bold type, the disclaimer is conspicuous and, thus, is an effective disclaimer of the implied warranties of merchantability and fitness. *See* TEX. BUS. & COM. CODE ANN. §2.316(b).

Rogers Logging did not present any evidence regarding the existence of implied warranties. Here, Rogers Logging contends that the disclaimers are not effective because they were not communicated to it before the machine was delivered. *See Womco, Inc.*, 84 S.W.3d at 279. In *Womco*, the issue was whether the disclaimer had been communicated to the buyers prior to the completion of the contract for sale. *See id.* at 280. In this case, the contract of sale was not completed until Rogers Logging and East Texas Machinery signed the customer purchase customer order on December 1, 1998. The customer purchase order included the disclaimers of the implied warranties of merchantability and fitness. Thus, the disclaimers were communicated to Rogers Logging before completion of the contract of sale. *See id.*

Because the disclaimers complied with the Texas Business and Commerce Code and were communicated before completion of the sale, they were effective. Therefore, the trial court did not err in granting Appellees' no evidence motions for summary judgment regarding Rogers Logging's implied warranties claims. Accordingly, we overrule that portion of Rogers Logging's fourth issue regarding the implied warranties claims.

**FRAUD**

As part of its fourth issue, Rogers Logging contends that the trial court erred in granting summary judgment in favor of Appellees on its fraud claims. Rogers Logging argues that Appellees committed fraud in two ways—by failing to disclose "significant fire hazards" relating to the machine and by selling the machine as new when it was used. Appellees filed no evidence motions

15

for summary judgment relating to Rogers Logging's fraud claims alleging that, in response to discovery requesting documents supporting its fraud claims, Rogers Logging has produced no evidence.

## Analysis

The elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Fraud by omission is a subcategory of fraud because the omission or nondisclosure may be as misleading as a positive misrepresentation of fact where a party has a duty to disclose. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 670 (Tex. App.–Houston [14th Dist.] 2006, pet. denied). A failure to disclose does not constitute fraud unless there is a duty to disclose the information. *Id.* When one makes a representation, he has a duty to disclose new information when he is aware the new information makes the earlier representation misleading or untrue. *Id.* at 670-71. However, a party cannot be guilty of fraudulently or intentionally concealing facts of which he is not aware. *HTM Restaurants, Inc. v. Goldman, Sachs & Co.*, 797 S.W.2d 326, 329 (Tex. App.–Houston [14th Dist.] 1990, writ denied) (citing *Barnard v. Thompson*, 138 Tex. 277, 158 S.W.2d 486 (1942)).

## Analysis

Rogers Logging contends that Deere became concerned about a possible fire danger relating to the machine and communicated those concerns to Propac in 1999. Thus, Rogers Logging argues that Appellees had a duty to convey that same information to it. For such a duty to have arisen, Appellees must have received new information that made an earlier representation misleading or untrue. *See Four Bros. Boat Works*, 217 S.W.3d at 670-71. Rogers Logging presented no evidence that Appellees made any representation at the time of the sale relating to whether the machine was free from defects. Furthermore, the customer purchase order signed by Rogers Logging on December 1, 1998 specifically stated that no "representations" were being made "as to the quality, performance, or freedom from defect of its products." And finally, Rogers Logging presented no evidence that any of the appellees knew at the time of the sale that there was a possible fire danger.

16

A "material representation" is the first element of fraud. *See **In re FirstMerit Bank, N.A.***, 52 S.W.3d at 758. Rogers Logging has not presented evidence showing that any of the appellees made a material misrepresentation about the condition of the machine and therefore cannot show that any appellee had a duty to inform Rogers Logging about the possible fire danger.

Rogers Logging also contends that the machine was marketed as new. Rogers Logging states that when the machine was first serviced on December 7, 1998, the meter showed sixty hours of use. As such, Appellant argues that this representation was fraudulent. We disagree. The summary judgment evidence shows that Rogers Logging used the machine for approximately one week on a demonstration basis before purchasing it on December 1, 1998. At the time of its first servicing, Rogers Logging had used the machine for approximately two weeks. Rogers Logging has not presented evidence that the meter showed any hours of use at the time Rogers Logging took the machine on a demonstration. Therefore, there is no evidence that the representation was false.

The trial court did not err in granting Appellees' no evidence motions for summary judgment regarding Rogers Logging's fraud claims. Accordingly, we overrule the portion of Rogers Logging's fourth issue regarding its fraud claims.

## MOTION FOR CONTINUANCE

In its third issue, Rogers Logging contends that the trial court abused its discretion by refusing to grant its motion for continuance before hearing Deere's no evidence and traditional motions for summary judgment on July 31, 2007. When reviewing a trial court's order denying a motion for continuance, we consider on a case by case basis whether the trial court committed a clear abuse of discretion. ***Joe v. Two Thirty Nine J.V.***, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. ***Id.*** We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. ***Id.***

Rogers Logging alleged two grounds in its motion for continuance. First, it alleged that it had been refused the opportunity to depose East Texas Machinery's corporate representative. Rogers

Logging's motion for continuance was filed over six years after it began the suit. We do not consider that a lapse of over six years without securing the deposition of a corporate representative showed due diligence on the part of Rogers Logging. *See id.*

Second, Rogers Logging alleged that Deere had refused to supplement written discovery and was withholding material evidence necessary in order to respond to Deere's motion for summary judgment. In its brief, Rogers Logging contends that after the deposition of Deere's corporate representative on August 31, 2006, it sent requests for admissions to Deere. Although Rogers Logging complains that Deere refused to answer the admissions in the affirmative, the record does not show that Rogers Logging filed a motion to compel these admissions. Failure to file a motion to compel discovery or otherwise attempt to obtain the items objected to may indicate a lack of diligence. *See Barron v. Vanier*, 190 S.W.3d 841, 851 (Tex. App.–Fort Worth 2006, no pet.). Again, by failing to file a motion to compel discovery, Rogers Logging displayed a lack of due diligence. *See Joe*, 145 S.W.3d at 161.

Because Rogers Logging did not exercise due diligence in obtaining the deposition of East Texas Machinery's corporate representative or in obtaining necessary discovery from Deere, the trial court did not abuse its discretion in denying Rogers Logging's motion for continuance. Accordingly, we overrule Rogers Logging's third issue.

## DISPOSITION

Having overruled Rogers Logging's four issues, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

18