# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

JOE BLESSETT,

      Plaintiff–Appellant,

v.

BEVERLY ANN GARCIA,

      Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-137

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:*

Pro se appellant Joe Blessett sued his ex-wife, Beverly Ann Garcia, in federal district court alleging numerous claims that can be categorized as challenges to a series of prior state court proceedings and allegations that Garcia had committed fraud. The district court dismissed the first category of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40966

claims pursuant to the *Rooker–Feldman* doctrine.[1]  It subsequently dismissed the second category of claims after concluding each allegation failed to state a claim upon which relief can be granted.  We affirm.

## I

Blessett and Garcia divorced on July 23, 1999.  In the final divorce decree, Garcia received primary custody of Blessett and Garcia's only child, Joseph C. Blessett, Jr.  The final divorce decree also ordered Blessett to pay $800 per month in child support.

Blessett failed to pay child support over the course of the next several years.  As a result, Garcia sought a state court judgment for child support arrears in July of 2015.  Blessett did not attend the proceedings.  He was ultimately held liable for $131,923.14 in outstanding child support and was ordered to begin making payments immediately.  In June of 2016, Garcia sought a writ of withholding in Texas state court in order to garnish Blessett's wages for the outstanding child support.  She also filed a lien against certain real property then-owned by Blessett (the Property).

In response to the lien, Blessett filed suit in Texas state court seeking a partial release of the lien on the basis that the Property qualified as his homestead.  Garcia countersued.  She alleged that the lien was proper and sought the right to foreclose on the Property.  As part of discovery, Garcia inquired into Blessett's allegations that the Property was an exempt homestead.  Blessett failed to respond.  Garcia's counsel thereafter filed in the real property records an affidavit alleging the Property did not qualify as a homestead.

Garcia moved for summary judgment on the basis that Blessett had

---

[1] *See generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

No. 19-40966

judicially admitted he did not own any exempt real property by failing to respond to discovery.[2] Blessett did not respond to the motion. The state court entered a final judgment in Garcia's favor, concluding the Property did not qualify as a homestead and was thus subject to Garcia's child support lien. Garcia was also granted the right to foreclose on the Property. Blessett did not appeal the judgment. The Property was sold at a constable auction in December of 2017.

After the sale, Blessett initiated the instant proceedings in United States District Court. The district judge initially dismissed the action for want of subject matter jurisdiction. Following an intervening opinion from this court in a related case,[3] however, the district court sua sponte withdrew its previous opinion, reinstated Blessett's case, and ordered him to file an amended complaint. The district court expressly instructed Blessett that failure to plead any allegations of fraud with particularity would result in dismissal of those claims with prejudice.

Blessett's amended compliant included claims related to previous state court proceedings, as well as five separate allegations of fraud. Garcia moved to dismiss the complaint, alleging, inter alia, that the court lacked subject matter jurisdiction over the case and that any remaining claims either failed to state a claim upon which relief can be granted or failed to comply with Rule 9(b)'s heightened pleading standards. The district court ultimately granted the motion.

Pursuant to the *Rooker–Feldman* doctrine, the district court dismissed the amended complaint to the extent it "collaterally attack[ed] the state court

---

[2] *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) (noting that under Texas law, "[u]nanswered requests for admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment").

[3] *See Blessett v. Tex. Office of Att'y Gen. Galveston Cty. Child Support Enf't Div.*, 756 F. App'x 445 (5th Cir. 2019) (per curiam).

divorce decree, judgments concerning paternity and child support, or the foreclosure order." It subsequently dismissed the five allegations of fraud after concluding each allegation failed to comply with the heightened pleading standards required by Rule 9(b) of the Federal Rules of Civil Procedure. This appeal followed.

## II

We first consider whether the district court had subject matter jurisdiction to entertain each of the claims alleged in Blessett's complaint. As previously mentioned, the district court dismissed portions of Blessett's complaint pursuant to the *Rooker–Feldman* doctrine. The court concluded, however, that it had subject matter jurisdiction to entertain each of Blessett's fraud claims. Reviewing de novo, we agree with the district court's analysis in full.[4]

At its core, "the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress."[5] "[T]he doctrine is a narrow one."[6] It is limited to those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[7] A litigant is seeking "review and reversal" of a state-court judgment "when the [federal] claims are 'inextricably intertwined' with a

---

[4] *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (noting that dismissals for want of subject matter jurisdiction are reviewed de novo).

[5] *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)).

[6] *Truong*, 717 F.3d at 382.

[7] *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

challenged state court judgment,"[8] or when the litigant is requesting "what in substance would be appellate review of the state judgment."[9]

Liberally construing Blessett's complaint in light of the aforementioned standards,[10] we agree with the district court that some of Blessett's allegations were not cognizable in federal court. As indicated previously, Blessett lost in his state court proceedings, proceedings which had ended long before he initiated the present matter. Portions of Blessett's operative complaint likewise appear to seek review of those state court proceedings. The complaint alleges, for example, that Blessett received insufficient service of process during two earlier state court proceedings, and that Garcia failed to follow proper procedures in Texas state court. Blessett's "recourse [for each of these contentions] was with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court."[11] Accordingly, the district court properly dismissed these claims.

Nevertheless, we conclude that the bulk of Blessett's complaint—specifically, each of Blessett's fraud claims—fell within the district court's subject matter jurisdiction. Our court does not recognize a universal fraud exception to the *Rooker–Feldman* doctrine.[12] That is, a litigant cannot circumvent the doctrine's scope by merely casting his or her challenge to a state court judgment as an allegation that the judgment was obtained through

---

[8] *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (alteration in original) (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003)).

[9] *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

[10] *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006) (construing a complaint liberally in part because the litigant proceeded pro se).

[11] *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 318 (5th Cir. 1994).

[12] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 n.3, 384 n.6 (5th Cir. 2013).

fraud.[13]  If the relief a litigant requests would in substance require the federal court to invalidate a prior state court judgment, the *Rooker–Feldman* doctrine may still be implicated.[14]  Likewise, a plaintiff's claim may be barred by the *Rooker–Feldman* doctrine if he or she is essentially alleging the state court judge erred in arriving at a particular conclusion.[15]  But where a litigant seeks damages as compensation for the putatively fraudulent conduct of a litigant in a prior state court action, the *Rooker–Feldman* doctrine is less likely to come into play.[16]  Each of Blessett's fraud claims passes muster under these parameters.  He seeks monetary damages because Garcia—an adverse party in several prior state court proceedings—allegedly engaged in fraudulent conduct.  Consequently, the district court properly considered these claims on the merits.

### III

As to the merits of Blessett's five fraud claims, the district court dismissed each allegation after concluding each failed to plead fraud with particularity.  Following our own independent review of the complaint, we agree that each allegation fails to state a claim.[17]

---

[13] *See id.* at 383 n.3 (collecting cases where fraud claims were held to be barred by the *Rooker–Feldman* doctrine).

[14] *See id.* at 383-84 (collecting cases where fraud claims were held to be barred by the *Rooker–Feldman* doctrine in part because the relief requested directly challenged prior state court judgments).

[15] *See id.* at 382-83 (noting that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court" (alteration in original) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003))).

[16] *See id.* at 383 ("If . . . a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." (quoting *Noel*, 341 F.3d at 1164)); *see also id.* at 383-84 (collecting cases where the nature of the requested relief impacted whether the *Rooker–Feldman* doctrine barred the claims at issue in each case).

[17] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (noting that appellate courts "review a dismissal pursuant to [Rules] 12(b)(6) or 9(b) de novo" (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 557 (5th Cir. 2002))).

Because each of Blessett's fraud claims fall within the court's diversity jurisdiction, our analysis is governed by the substantive law of Texas.[18] As a general matter, Texas state law fraud claims require the plaintiff to offer sufficient proof of the following six elements:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.[19]

At least two intermediate courts of appeals in Texas have recognized a sub-category of fraud—fraud by omission.[20] This sub-category of claims stems from the basic recognition that an "omission or nondisclosure may be as misleading as a positive misrepresentation of fact where a party has a duty to disclose."[21]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[22] We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[23] But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient

---

[18] *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Universal Truckload, Inc. v. Dalton Logistics, Inc.*, 946 F.3d 689, 695 (5th Cir. 2020) ("Under the *Erie* doctrine, this court must apply substantive state law in diversity jurisdiction cases." (citing *Erie*, 304 U.S. at 78)).

[19] *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

[20] *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 391 (Tex. App.—Tyler 2009, pet. denied) (citing *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 670 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)).

[21] *Id.* (citing *Four Bros. Boat Works, Inc.*, 217 S.W.3d at 670).

[22] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* FED. R. CIV. PRO. 12(b)(6).

[23] *Allen*, 907 F.3d at 177 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

to state a claim.[24]  Nor can a complaint survive if it fails to allege a required element of the cause of action.[25]

Furthermore, allegations of fraud must be pleaded with particularity under the Federal Rules of Civil Procedure.[26]  Specifically, Rule 9(b) requires the plaintiff to allege "the time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby."[27]  The rule is context specific.  Nevertheless, at its core, the rule is intended to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims and then attempting to discover unknown wrongs."[28]  Accordingly, district courts are permitted to dismiss complaints with prejudice if plaintiffs fail to comply with these heightened pleading standards despite being given numerous opportunities to do so.[29]

**1**

Blessett's first allegation of fraud—which he titles, "[f]raud by omission of federal statutes and Texas family codes"—fails under Rule 9(b)'s heightened

---

[24] *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[25] *Allen*, 907 F.3d at 178 (noting that "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief" (alteration in original) (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006))).

[26] *See* FED. R. CIV. PRO. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

[27] *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (alteration in original) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

[28] *Id.* (alterations in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

[29] *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (noting that "[a]lthough a court may dismiss [a] claim [for failure to comply with Rule 9(b)], it should not do so without granting leave to amend, unless . . . the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so" (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991))).

pleading standards. The claim appears to allege that Blessett was harmed when Garcia failed to mention two statutes at some point in time following the couple's divorce. But even liberally construing the claim, we are left to guess when and where the omission occurred and why Garcia had a duty to include the statutes at all. Blessett likewise fails to allege Garcia's omissions were the product of fraudulent intent. Therefore, Blessett's first allegation of fraud fails to pass muster under Rule 9(b). Given Blessett's failure to correct these deficiencies despite being provided numerous opportunities to amend his complaint, we conclude the district court correctly dismissed the first allegation of fraud with prejudice.[30]

**2**

Blessett's second claim—"[f]raud by use of an administrative enforcement action under the color of law"—fails to state a claim upon which relief can be granted. The complaint specifically alleges Garcia suspended Blessett's driver's license without due process of law. But Blessett fails to allege any statement or omission by Garcia that ultimately led to the revocation of his driver's license. The gravamen of a common law fraud claim is a false *statement* or *omission*.[31] Because Blessett failed to plead this required element, his second allegation of fraud fails to state a claim upon which relief can be granted.[32]

---

[30] *See Hart*, 199 F.3d at 247 n.6 (noting that "[a]lthough a court may dismiss [a] claim [for failure to comply with Rule 9(b)], it should not do so without granting leave to amend, unless . . . the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so" (citing *O'Brien*, 936 F.2d at 675-76)).

[31] *See Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)); *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 391 (Tex. App.—Tyler 2009, pet. denied) (citing *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 670 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)).

[32] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (noting that "[d]ismissal is proper if the complaint lacks an allegation regarding a required element

**3**

Blessett next alleges Garcia engaged in "[f]raud by [i]nducement and [c]oercion." Specifically, he contends Garcia threatened him with the possibility of arrest if he did not appear at several state court proceedings. But Blessett fails to allege with particularity the statements he contends constituted fraud. As with his first allegation of fraud, we are left wondering what was said, when the statement occurred, and why the statement amounted to fraud. Nor can we deduce this information from the exhibits he cites in the complaint. The exhibits are orders to appear from state judicial officers, not Garcia. Blessett's complaint fails to allege with particularity how any putatively false statement by Garcia may have prompted state-level judicial officers to issue these orders. Collectively, these inadequacies amount to a failure to comply with Rule 9(b)'s heightened pleading standards. Because Blessett was given ample opportunities to correct these issues, the district court did not err in subsequently dismissing this claim with prejudice.[33]

**4**

Blessett next alleges Garcia engaged in "[f]raud by [p]erjury and violation of [p]ublic [p]olicy rights to property." The factual basis for this claim lies in the affidavit filed with the real property records challenging Blessett's assertions that his property qualified as a homestead. We conclude, however, that this allegation fails to comply with Rule 9(b)'s heightened pleading standards. The affidavit—which counsel authored in his capacity as a fact witness—is clearly counsel's declaration, not Garcia's. The complaint fails to

---

necessary to obtain relief" (alteration in original) (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006))).

[33] *See Hart*, 199 F.3d at 247 n.6 (noting that "[a]lthough a court may dismiss [a] claim [for failure to comply with Rule 9(b)], it should not do so without granting leave to amend, unless . . . the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so" (citing *O'Brien*, 936 F.2d at 675-76)).

plead with particularity to what extent, if at all, Garcia was involved in the filing of the affidavit nor why her involvement amounted to fraud. Consequently, the district court correctly dismissed this claim with prejudice.

**5**

Blessett's final allegation of fraud—"[f]raud by [o]mission to provide notice as ordered by a [j]udge"—alleges Garcia failed to provide Blessett with notice of a status conference during the state court proceedings he initiated challenging Garcia's lien on his property. Accordingly, Blessett could not "defend his rights [at] the status conference." He then appears to insinuate that his case was dismissed for want of prosecution as a result. But this allegation is not plausible. As the judgment in the state court proceeding makes clear, Blessett's case was dismissed following Garcia's motion for summary judgment, not for want of prosecution.[34] Because the claim does not plausibly allege Garcia's putative omission caused Blessett harm, Blessett's claim falls sort of stating a claim upon which relief can be granted.[35]

**IV**

In summary, the district court properly dismissed each of Blessett's claims. Blessett's remaining contentions are either waived,[36] unnecessary to address in light of our previous holdings, or are dismissed pursuant to our longstanding policy not to consider inadequately briefed arguments on

---

[34] *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that a court, in evaluating a motion to dismiss, can consider "any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000))).

[35] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

[36] *See F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994*)* ("[I]f a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court.").

No. 19-40966

appeal.[37]

\*　　\*　　\*

The district court's judgment is AFFIRMED.

---

[37] *See Monteon–Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir.), *as revised* (Apr. 26, 2019) ("Generally speaking, a [party] waives an issue if he fails to adequately brief it." (alteration in original) (quoting *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001))).